IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TERRANCE D HOOKS,<br><br>      Plaintiff,<br><br>   v.<br><br>OFFICER RICK PIERCE; OFFICER ELLIOT HERNANDEZ; OFFICER L SANTIAGO,<br><br>      Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-3300 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Terrance D. Hooks, Plaintiff Pro Se
988589B/878633
Kintock - SWSP
3 West Industrial Blvd
Bridgeton, NJ 08302

**SIMANDLE, Chief Judge:**

## I. INTRODUCTION

Before the Court is Plaintiff Terrance Hooks's ("Plaintiff"), submission of a civil rights complaint pursuant to 42 U.S.C. § 1983. Complaint, Docket Entry 1. At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons

set forth below, the Court concludes that the complaint will be dismissed for failure to state a claim.

## II. BACKGROUND

Plaintiff brings this civil rights action against Bridgeton Police Officers Rick Pierce, Elliot Hernandez, and L. Santiago Complaint ¶ 4. The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the truth of Plaintiff's allegations.

Plaintiff states the officers "falsetify [sic] information and tampered with evidence and paper work statement mislead on trial not for truth violated Terrance Hooks constitutional rights and sent Mr. Hooks to State Prison." *Id.* ¶ 6. He "wants justice serve on claim of false imprisonment. A violation of public servant workers policy of Bridgeton Police Department." *Id.*

Plaintiff seeks relief in the form of $1,300,000 in damages. *Id.* ¶ 7. He requests the appointment of pro bono counsel and an investigator "to certain [sic] false facts which are fabricated not for the truth on records and transcripts and other files." *Id.*

**III. STANDARD OF REVIEW**

**A. Standards for a Sua Sponte Dismissal**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis* and is seeking relief from government employees.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte*

screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). Although *pro se* pleadings are liberally construed, plaintiffs "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

§ 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**IV. ANALYSIS**

Plaintiff indicates he wishes to file false arrest and false imprisonment claims against the officers. The complaint also appears to assert malicious prosecution and due process claims as well.

**A. False Arrest and Imprisonment**

Plaintiff alleges the officers are responsible for his false arrest and imprisonment. "The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause." *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 913 (2017). "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012). "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *O'Connor v. City of Phila.*, 233 F. App'x 161, 164 (3d Cir. 2007) (internal quotation marks and citation omitted).

Plaintiff has not sufficiently alleged false arrest and false imprisonment claims. He has not set forth any facts regarding the arrest that would support a reasonable inference that defendants arrested him without probable cause. Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As Plaintiff may be able to allege facts that would

6

support these claims, he shall be given leave to amend his complaint.

**B. Malicious Prosecution**

The complaint could also reasonably be read to raise malicious prosecution claims against the officers. To prevail on a § 1983 malicious prosecution claim, Plaintiff must set forth facts indicating:

> (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Woodyard v. Cty. of Essex*, 514 F. App'x 177, 182 (3d Cir. 2013) (citing *McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009)). Malicious prosecution claims do not accrue until charges are dismissed. *Ginter v. Skahill*, 298 F. App'x 161, 163 (3d Cir. 2008) (citing *Smith v. Holtz*, 87 F.3d 108, 111 (3d Cir. 1996)).

Plaintiff has failed to state a claim for malicious prosecution as there is no indication in the complaint that the proceedings ended favorably to him. Indeed, Plaintiff specifically states the officers' actions "sent [him] to state prison," indicating he was convicted. Complaint ¶ 6. As such, any claim for malicious prosecution has not yet accrued, meaning Plaintiff may not bring this claim unless and until he is able

to meet the "favorable termination" requirement. *See Bronowicz v. Allegheny Cty.*, 804 F.3d 338, 346 (3d Cir. 2015) ("'[A] prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element.'" (alteration in original) (quoting *Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009))); *see also Heck v. Humphrey*, 512 U.S. 477 (1994) (holding § 1983 plaintiffs may not "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until they have shown "that the conviction or sentence has been reversed on direct appeal . . . or called into question by a federal court's issuance of a writ of habeas corpus" or otherwise rendered invalid). If Plaintiff's conviction is overturned on direct appeal or post-conviction relief, or by some other means, he may file a new complaint raising this claim.

**C. Due Process Evidence Fabrication**

The complaint may also be reasonably construed as raising a due process claim based on the fabrication of evidence. To sufficiently plead this claim, Plaintiff must set forth enough facts for the Court to plausibly infer that "there is a reasonable likelihood that, without the use of that evidence, the defendant would not have been convicted." *Halsey v.*

*Pfeiffer*, 750 F.3d 273, 294 (3d Cir. 2014). "[F]abrication claims must draw a meaningful connection between [plaintiffs'] conviction and the use of fabricated evidence against them." *Id.* 294 n.19.

Here, Plaintiff has not set forth sufficient facts supporting his allegation, such as what the alleged fabricated evidence was beyond a conclusory statement regarding "evidence of CDS and surveillance video," Complaint ¶ 4, the circumstances regarding the officers' involvement in the fabrication, and the ability of that evidence to affect the result of Plaintiff's trial. This claim is dismissed without prejudice; however, Plaintiff is denied leave to amend this claim at this time. Success on Plaintiff's claim that fabricated evidence used against him at trial resulted in his conviction would necessarily invalidate that conviction. This claim is therefore barred by *Heck* at this time. *See Long v. Atlantic City Police Dep't*, 670 F.3d 436, 447 (3d Cir. 2012) (claim that defendants conspired to obtain a conviction by "committing perjury and/or fabricating evidence" barred by *Heck*).

**D. Leave to Amend**

As Plaintiff may be able to amend his false arrest and false imprisonment claims,[2] he shall be given leave to move to

---

[2] Depending on the circumstances of the arrest, these claims may also be barred by *Heck*. The Court is unable to make that

9

amend these claims. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that are currently *Heck*-barred.

As the complaint is being dismissed, Plaintiff's request for pro bono counsel is denied at this time. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (requiring claim to have "some merit in fact and law" before appointing pro bono counsel). Plaintiff may request the appointment of counsel again in the event he files a motion to amend.

---

determination at this time as the complaint contains no facts regarding the arrest.

**V. CONCLUSION**

For the reasons stated above, Plaintiff's complaint is dismissed without prejudice for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii).

| | |
|---|---|
| **April 21, 2017** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |